| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>UNITED STATES,<br><br>                                        Plaintiff,<br><br>      -against-<br><br>ALAN GROSSMAN,<br><br>                                      Defendant.<br>------------------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>16-CR-404 (JMA)<br><br>**FILED**<br>**CLERK**<br><br>11:15 am, May 15, 2023<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, District Judge:**

Before the Court is the Government's motion for forfeiture of bail in the amount of $200,000, against Defendant Alan Grossman ("Grossman" or "Defendant") and his suretor, Valentina Grossman ("Ms. Grossman"), pursuant to Federal Rule of Criminal Procedure 46(f)(1) and (3). (ECF Nos. 22, 29, 44, 76, 82.) For the following reasons, the Government's motion is granted.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and only discusses those facts insofar as they are relevant to the instant motion.

On April 21, 2016, the date of Defendant's arrest, Ms. Grossman co-signed a bond in the amount of $200,000, secured by certain real property. (ECF Nos. 7, 17.)

On June 24, 2016, Magistrate Judge Arlene R. Lindsay held a hearing to advise Ms. Grossman of Defendant's bond conditions. (ECF No. 19.) On July 21, 2016, Defendant was indicted for carrying out a fraud against the United States by intentionally possessing a forged security of an organization and intentionally stealing government funds. (ECF No. 22.)

On August 12, 2016, the Government moved for remand of Defendant and for forfeiture

of the $200,000 bail on the basis that, while on bail, he committed additional crimes including mail fraud and money laundering, in violation of 18 U.S.C. §§ 1956, 1957.  (ECF Nos. 22, 26, 29.)  In the same request, the Government alleged that Ms. Grossman was possibly a co-conspirator, or at a minimum, a beneficiary of proceeds from Defendant's financial crimes.  (ECF No. 22.)  The Court granted the Government's request for bail revocation and Defendant was detained pending trial.  (ECF 25.)

On October 24, 2016, Defendant Grossman pled guilty to one count of Possession of a Forged Instrument, 18 U.S.C. § 513(a).  Thereafter, on November 14, 2017, the Honorable Joseph F. Bianco sentenced Defendant to twenty-four months imprisonment, three years supervised release, and required him to pay restitution in the amount of $615,521.80.  (ECF No. 72.)  The Government renewed its motion for bail forfeiture on January 16, 2018 and January 4, 2019.  (ECF Nos. 76, 94.)

On May 23, 2019, this case was reassigned to the undersigned.  On June 1, 2022, given her interest in the matter, the Court appointed CJA counsel for Ms. Grossman.  (ECF No. 116.)  Ms. Grossman's counsel filed a response to the Government's motion on October 4, 2022.  (ECF No. 117.)  The Government filed a reply on October 6, 2022.  (ECF No. 118.)

## II.  DISCUSSION

### A.  Rule 46(f)

Forfeiture proceedings are governed by Rule 46(f) of the Federal Rules of Criminal Procedure, which provides that "the court must declare bail forfeited if a condition of the bond is breached."  Fed. R. Crim. P. 46(f)(1).  A bail forfeiture may be "set aside in whole or in part… if it appears that justice does not require bail forfeiture."  Fed. R. Crim. P. 46(f)(2); see also United States v. Gambino, 17 F.3d 572, 574 (2d Cir. 1994); United States v. Hatfield, No. 06-cr-0550,

2015 WL 3476927, at *2 (E.D.N.Y. June 2, 2015), aff'd sub nom. United States v. Brooks, 872 F.3d 78 (2d Cir. 2017); United States v. Blake, No. 14-cr-0312, 2014 WL 6606692, at *2 (E.D.N.Y. Nov. 19, 2014). On the other hand, if the forfeiture is not set aside, "the court must, upon the government's motion, enter a default judgment." Fed. R. Crim. P. 46(f)(3).

A court must consider several factors when deciding whether to set aside or remit bail forfeiture, namely: "[1] whether the defendant's breach of the bond conditions was willful; [2] the cost, inconvenience and prejudice suffered by the government as a result of the breach;… [3] any explanation or mitigating factors presented by the defendant;…[4] whether the surety has assisted in the apprehension of the defendant; and [5] whether the surety is a professional or a friend or member of the defendant's family." Gambino, 17 F.3d at 574 (quoting United States v. Carvajal, 674 F. Supp. 973, 974 (E.D.N.Y. 1987)). In making such a determination, a court may not consider "the financial hardship of the [surety] because 'it is the interests of justice–and not the interests of [surety]—which must be considered." Hatfield, 2015 WL 3476927, at *3 (quoting Carvajal, 674 F. Supp. at 974; United States v. Ciotti, 579 F. Supp. 276, 278 (W.D. Pa. 1984); United States v. Pevzner, No. 08-cr–0706, 2010 WL 1993865, at *3 (E.D.N.Y. May 18, 2010)).

**B.     Analysis**

Having considered the circumstances of this case and weighed the relevant factors, the Court concludes that bail forfeiture is warranted. Taking each factor in turn, the Court finds that the factors overall favor granting the Government's motion for forfeiture.

First, it is not disputed that Defendant violated his bond conditions or that his breach was willful. Thus, the only question raised by the government's motion is whether forfeiture should be set aside in whole or in part or any judgment entered remitted. The burden thus shifts to Ms. Grossman to demonstrate why this Court should set aside the bail forfeiture. See Blake, 2014

WL 6606692, at *2 (citing Gambino, 17 F.3d at 574) ("The burden of establishing grounds to set aside or remit a forfeiture of bail rests with the defendant and sureties."); see also United States v. Compton, No. 13-cr-405(2), 2015 WL 13158340, at *2 (N.D.N.Y. July 13, 2015) (same).

Second, while Ms. Grossman correctly points out that the government has not explicitly quantified the costs incurred because of Defendant's breach, this argument is unpersuasive in light of the analysis below. Moreover, this factor is not dispositive and is outweighed by other factors.

Third, the mitigating factors here favor granting forfeiture. Initially, the Court is barred by from considering Ms. Grossman's claims of "financial hardship" at this juncture. See United States v. Billini, No. 99-cr-156, 2006 WL 1586553, at *2 (S.D.N.Y. June 8, 2006) ("[I]t is well established that the personal financial situation of the surety is not a basis for setting aside the forfeiture because it is the interest of justice that should be assessed, not the personal financial situation of the individual surety."); United States v. Gallego, No. 02-cv-5987, 2003 WL 1193536, at *3 (E.D.N.Y. Jan. 29, 2003) ("The cases are clear, however, that the court may not consider the financial plight of the sureties, since it is the interests of justice, not of the sureties, that must be considered.").

Even if the Court could consider her financial position, Ms. Grossman's claim that she is a retired senior receiving social security benefits and living on a fixed income would be, by itself, insufficient to carry her burden of persuasion with respect to this factor. Indeed, this representation omits important details of Ms. Grossman's life and fails to present the full picture of her current situation. According to the Government, Ms. Grossman owns multiple properties and a luxury automobile—facts that Ms. Grossman has not disputed.[1] Moreover, Ms. Grossman

---

[1] The Government has also consistently asserted that that Ms. Grossman's multiple properties and luxury

has failed to submit a CJA financial affidavit in this case, which would have painted a complete picture of her finances. Given all the points set out above, the Court concludes that Ms. Grossman has failed to carry her burden of persuasion as to this factor.

The fourth and fifth factors similarly do not support setting aside the bail forfeiture. As to the fourth factor, there is no indication that Ms. Grossman assisted in apprehending Defendant, and neither party argues that this factor merits significant consideration. As to the fifth factor, the Court acknowledges that Ms. Grossman is not a professional surety and was Defendant's wife at the time of the bond agreement. The rationale for considering this factor is that "nonprofessionals may not fully comprehend the risks incurred when executing a bail bond as a surety." Blake, 2014 WL 6606692, at *3 (citing Gallego, 2003 WL 1193536, at *2). Here, however, Ms. Grossman was carefully advised of her responsibilities by Magistrate Judge Lindsay and indicated that she was comfortable remaining as a surety for Defendant. (See ECF No. 19.)[2] Under similar circumstances, other courts have concluded that the fact that sureties were members of a defendant's family and not professionals was not a compelling reason to set aside forfeiture. See Blake, 2014 WL 6606692, at *3 (citing Billini, 2006 WL 1586553, at *2; Gallego, 2003 WL 1193536, at *2.) Ms. Grossman has similarly failed to demonstrate that these factors counsel in favor of setting aside the bail forfeiture.

---

automobile were obtained and/or maintained using the proceeds of Defendant's fraud. The Court does not rely on this contention to reach its conclusion, but notes that Ms. Grossman has had numerous opportunities – including in her October 6, 2022 letter – to rebut these contentions and has failed to do so.

[2] The Court rejects Ms. Grossman's contention that a language barrier prevented her from comprehending her role as a suretor or otherwise understanding Magistrate Judge Lindsay's instructions or explanations regarding the risks and responsibilities associated with serving as a suretor. Moreover, at no point during the June 24, 2016 conference did Ms. Grossman request an interpreter. On the contrary, Ms. Grossman, after being given the opportunity to consult with an attorney, indicated her desire to remain as a suretor for Defendant. (See generally ECF No. 84.)

Finally, the Court finds that that setting aside the forfeiture is likely to diminish the deterrence goals of bonds and sureties. See United States v. Stathakis, No. 04-cr-790, 2007 WL 3124703, at *4 (E.D.N.Y. Oct. 24, 2007) ("In making the decision as to what, if any, part of the forfeiture to set aside, the court has an obligation to strike a balance between the competing interests of cost to the government and deterrence to defendants and sureties."). Moreover, Defendant's violation of his bail conditions was neither – despite Ms. Grossman's suggestions – minor nor technical. On the contrary, while on bail between April 21, 2016, and August 12, 2016, Defendant impersonated a federal employee and attempted to defraud a school for autistic children of $240,000 and defrauded an elderly couple in Suffolk County, New York of over $100,000. The Gambino factors thus favor bail forfeiture and entry of judgment against Ms. Grossman in the amount of $200,000.

### III.   CONCLUSION

Upon consideration of the relevant factors, the Court finds that forfeiture is warranted. Accordingly, the Government's motion for forfeiture is GRANTED.

**SO ORDERED.**                                       /s/ (JMA)
                                                     Hon. Joan M. Azrack
Dated:   May 15, 2023                                United States District Judge
         Central Islip, New York

6